## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

PERCY ALLEN                                          CIVIL ACTION

VERSUS                                               NO.  12-2505

WARDEN HOWARD PRINCE                                 SECTION "N"(2)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Percy Allen, is incarcerated in the Elayn Hunt Correctional Center

in St. Gabriel, Louisiana.[2]   On November 28, 2007, Allen was charged in a bill of

information in Orleans Parish with possession of cocaine.  His co-defendant, Thaddeus

Stovall, was charged with possession with the intent to use drug paraphernalia.[3]  The

Louisiana Fourth Circuit Court of Appeal summarized the facts of the case as follows:

> While patrolling shortly after midnight, two New Orleans police
> officers came upon a car stopped in the middle of the street.  A pedestrian
> was leaning into the car.  Alerted to the police, the driver of the car sped
> away, but the police gave brief chase.  During the chase, one of the officers
> observed the driver discard objects.  After the driver and passenger were
> stopped and secured, the officer retrieved from the side of the street crack
> cocaine in a packet and a crack pipe.  The driver, Mr. Allen, was arrested
> for possession of cocaine. The crack weighed 4.98 grams.

State v. Allen, 30 So.3d 1024, 1025 (La. App. 4th Cir. 1/13/10); State Record Volume

2 of 4, Louisiana Fourth Circuit Opinion, 2009-KA-0813, pp. 1-2, January 13, 2010.

On June 26, 2008, Allen was tried before a jury separately from his co-defendant

and found guilty as charged.[4]  On October 14, 2008, Allen was adjudicated as a fourth

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 11/28/07.

[4]St. Rec. Vol. 1 of 4, Minute Entry, 6/26/08.

felony offender.[5]  Two weeks later, he was sentenced as a fourth felony offender to 20 years in prison without benefit of probation or suspension of sentence.[6]

On February 19, 2009, Allen filed in the state trial court a pro se motion for an out-of-time appeal.[7]  On March 20, 2009, Allen filed a pro se motion for a new trial.[8]  On June 5, 2009, the state trial court denied Allen's motion for a new trial.[9]  On that same date, the trial court issued its judgment stating that Allen's motion for an out-of-time appeal was denied, pending "judgment from the appellate courts should the defendant seek appellate review of the ruling regarding this court denying the Motion for New Trial."[10]

On August 14, 2009, appointed counsel filed an appeal on Allen's behalf raising one ground for relief:[11] (1) The trial court erred in denying Allen's motion for reconsideration of the 20-year prison sentence without considering its appropriateness. On January 13, 2010, the Louisiana Fourth Circuit affirmed Allen's conviction and

---

[5]Id., Minute Entry, 10/14/08.

[6]Id., Minute Entry, 10/28/08.  St. Rec. Vol. 2 of 4, Sentencing Transcript, 10/28/08.

[7]Id.

[8]Id.

[9]Id., Judgment, 6/5/09.

[10]Id., Judgment, 6/5/09.

[11]St. Rec. Vol. 2 of 4, Appeal Brief, 2009-KA-0813, 8/14/09.

sentence, finding that Allen was not entitled to a downward departure from his habitual offender sentence.[12]

Allen's conviction became final 30 days later, on Friday, February 12, 2010, because he did not seek rehearing or file for timely review in the Louisiana Supreme Court.[13]  Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003)) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

More than one month later, on March 18, 2010, Allen submitted an untimely[14] writ application with the Louisiana Supreme Court seeking review of the state appellate court's adverse opinion.[15]  The Louisiana Supreme Court denied the application without reasons on March 25, 2011.[16]

---

[12]Allen, 30 So.3d 1024; St. Rec. Vol. 2 of 4, 4th Cir. Opinion, 2009-KA-0813, 1/13/10.

[13]Pursuant to La. S. Ct. R. X § 5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.  See also, La. Code Crim. P. art. 922.

[14]Id., see La. S. Ct. R. X § 5. Allen had until February 12, 2010, to mail or file a writ application with the Louisiana Supreme Court. Allen signed his Louisiana Supreme Court Writ Application Filing Sheet, which accompanied his writ application, on March 18, 2010.  St. Rec. Vol. 3 of 4, La. S. Ct. Writ Application, 2010-KH-0686; Causey v. Cain, 450 F.3d 601 (5th Cir. 2006) (mailbox rule applies to state filings for timeliness purposes on habeas review). For purposes of applying the mailbox rule in this case, Allen's signature date is presumed to be the earliest date on which he could have presented the pleading to prison officials for mailing to the state trial court.

[15]St. Rec. Vol. 3 of 4, La. S. Ct. Writ Application, 2010-KH-0686, dated 3/18/10.

[16]State v. Allen, 61 So.3d 658 (La. 2011); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2010-KH-0686, 3/25/11.

Almost six months later, on September 20, 2011, Allen submitted an application for post-conviction relief to the state trial court, asserting three grounds for relief:[17] (1) The evidence was insufficient to prove he was a fourth offender. (2) His counsel was ineffective.  (3) The evidence was insufficient to support his conviction.  On September 29, 2011, the state trial court denied relief.[18]

Allen filed a writ application with the Louisiana Fourth Circuit on October 25, 2011.[19]  The appellate court denied relief on November 14, 2011, finding no error in the trial court's ruling.[20]

On December 6, 2011, Allen submitted a writ application, which was filed in the Louisiana Supreme Court on December 12, 2011, seeking review of the lower courts' adverse rulings.[21]  The court denied the application without reasons on August 22, 2012.[22]

In February, 2012, while his post-conviction application was pending before the Louisiana Supreme Court, Allen filed a motion to vacate an illegal sentence in the state

---

[17]St. Rec. Vol. 1 of 4, Uniform Application for Post-Conviction Relief, signed 9/20/11.

[18]St. Rec. Vol. 1 of 4, Trial Court Judgment, signed 9/29/11.

[19]St. Rec. Vol. 4 of 4, 4th Cir. Writ Application, 2011-K-1534, 10/25/11.

[20]St. Rec. Vol. 4 of 4, 4th Cir. Order, 2011-K-1534, 11/14/11.

[21]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 2011-KH-2739, signed 12/6/11.

[22]State ex rel. Allen v. State, 95 So.3d 1068 (La. 2012); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2011-KH-2739, 8/22/12.

trial court.[23]   On September 6, 2012, the state trial court denied Allen's motion to vacate.[24]   Allen did not seek relief from the state appellate or supreme courts.

II.   FEDERAL HABEAS PETITION

On October 12, 2012, the clerk of this court filed Allen's petition for federal habeas corpus relief in which he asserts: (1) The trial court erred when it failed to consider his constitutional claim that he was denied due process of law.  (2) The trial court erred when it found immaterial the fact that he was convicted for a crime which he did not commit.  (3) The trial court erred when it failed to consider his claim that he was denied effective assistance of counsel.[25]

The State filed a response in opposition to Allen's petition arguing that his petition was not timely filed under federal law and that he is not entitled to equitable tolling.[26] The State argues that the petition must be dismissed as untimely.

---

[23]St. Rec. Vol. 4 of 4.

[24]Id., Judgment, 9/6/12

[25]Rec. Doc. No. 1, p. 8.

[26]Rec. Doc. No. 13.

III.   <u>GENERAL STANDARDS OF REVIEW</u>

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[27] and applies to habeas petitions filed after that date.  <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Allen's petition, which, for reasons discussed below, is deemed filed in this federal court on September 18, 2012.[28]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[27]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

[28]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert.</u> denied, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995).  Allen dated his signature on the petition on September 18, 2012.  I will consider this to be the earliest date he could have submitted it to prison officials for mailing.

The State alleges that Allen's petition is not timely filed.  The record supports that conclusion.

## IV.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[29]  Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  Allen's conviction was final on February 12, 2010, when he did not timely seek further review of the Louisiana Fourth Circuit's opinion on direct appeal.

_____

[29]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

> C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

> D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

8

Therefore, under a literal application of the statute, Allen had until Monday, February 14, 2011, to file his federal habeas corpus petition, which he did not do.[30]  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Allen has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my

---

[30]Allen's one-year statute of limitations actually expired on February 12, 2011. However, because the 12th was a Saturday, the deadline is extended to Monday, February 14, 2010. See Fed. R. Civ. P. 6(a) (if the last day of statute of limitations "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions.  See Holland v. Florida, 130 S. Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to file a timely federal petition and in failing to communicate with the client during a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable

10

tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

11

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)");  Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999));  Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas

petition.  Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA limitations period began to run in Allen's case on February 12, 2010, when his conviction became final.  Because Allen had no properly filed state post-conviction or other collateral review pending during the subsequent year, the limitations period ran uninterrupted until February 14, 2011, when it expired.  Allen had no properly filed state post-conviction proceeding pending until seven (7) months later when, on September 20, 2011, he filed an application for post-conviction relief in the state trial court.

As discussed above, Allen submitted an untimely and therefore improperly filed writ application to the Louisiana Supreme Court during that time period. The writ application was signed by him on March 18, 2010, the earliest possible date on which he

might have placed it in the mail for submission to the court.  That submission and filing was <u>un</u>timely under La. S. Ct. R. X § 5 because it was signed[31] <u>more</u> <u>than</u> 30 days after the Louisiana Fourth Circuit ruled on Allen's direct appeal,[32] the deadline by which he was required to make that filing. <u>Butler v. Cain</u>, 533 F.3d at 317.  Under federal habeas corpus law, this untimely filing <u>cannot</u> be considered in the tolling calculation.  <u>Id</u>., at 319 (La. S. Ct. R. X § 5(a) forbids any extension of time); <u>Williams v. Cain</u>, 217 F.3d at 309-11 (same).  Thus, I find the instant action to be time-barred.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the petition of Percy Allen for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

---

[31]Again, I presume the signature date to be the earliest date on which Allen could have handed his pleadings to prison officials for mailing in accordance with the mailbox rule.

[32]<u>See</u> <u>supra</u> at p. 4.

with notice that such consequences will result from a failure to object.  <u>Douglass v.</u>

<u>United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28

U.S.C. § 636(b)(1)).[33]

New Orleans, Louisiana, this ___12th___ day of April, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[33]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.